### W. L. ENGLISH'S G'D'N *v.* JAMES B. ENGLISH.

**Homestead—Right of Non-Resident to Claim Homestead as Exempt.**
   The right of a judgment debtor to a homestead only continues so long as he occupies or resides on the premises. When he has moved from the premises and to another state he cannot claim such exemption.

#### APPEAL FROM BULLITT CIRCUIT COURT.

December 14, 1876.

OPINION BY JUDGE PRYOR:

This is an appeal from a judgment of the Bullitt circuit court sustaining appellee's motion to quash the levy of appellant's execution on about forty-five acres of land in Bullitt county which appellee claims is exempt from levy and sale, because the same was set apart to him as his homestead in a suit brought by his creditors against his trustee to whom he had conveyed his estate for the benefit of his creditors, to which suit appellant was a party.

In his deed to the trustee for the benefit of his creditors the appellee reserved the homestead in the land levied on by appellant's execution, which levy has been quashed and held for naught by the court below in this case.

In 1873, according to the evidence, appellee left this state and emigrated with his family to Missouri, and has since on his visits to Kentucky avowed his intentions never to return and become a resident of Kentucky. His agent has rented this land out for him since 1873, and under these circumstances the only question is whether appellee can still hold the abandoned premises as a homestead and exempt from levy and sale by his execution creditors.

In *Gaines, et al., v. Casey, et al.,* 10 Bush 92, this court held that "this right to the exemption must terminate whenever the debtor ceases to be a housekeeper or removes from the premises;" and the same doctrine has since been held in *Phipps, Addington, et al., v. Acton, et al.,* Mss. Opionion.

There can be no doubt that the right of a judgment debtor to a homestead only continues so long as he occupies or resides on the premises, but when he ceases to occupy the premises and leaves the state and remains away over two years, and resides in another state, when a fi. fa. is levied upon his land he cannot insist on his right to a homestead as against his execution creditors.

Wherefore the judgment is *reversed* and cause remanded with directions to overrule appellee's motion.

*R. J. Meyler, for appellant. R. H. Field, for appellee.*